## JAMES ELKINS v. THE STATE.

1. JURIES.—The act of August 1, 1876, evidently intends that, when the judge shall find that no jury has been selected before any given term of the court, he shall at once, in order to supply a jury for the term then pending,. proceed to have done whatever has been omitted.

2. SAME—CHALLENGE TO THE ARRAY.—Defendant in a felony case challenged the array of petit jurors on the ground that they had not been drawn by jury commissioners, and that the court had not appointed jury commissioners. In the bill of exceptions to the overruling of the challenge the judge certified that no jury was selected prior to the term, in accordance with the jury law, and that he caused the sheriff to summon qualified persons to serve as petit jurors, out of whom were selected the jury who tried the cause. *Held,* that the challenge should have been sustained. If no jury commissioners had been appointed, the court should have appointed them. If they had been appointed and had failed to perform their duties, the court should have required them to perform them. But there is no law in force under which the sheriff is authorized to select the persons to constitute the regular jurors for the term.

3. SAME.—A lawful jury cannot be formed otherwise than as provided by the statute.

APPEAL from the District Court of Wilson. Tried below before the Hon EVERETT LEWIS.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. On the trial the defendant challenged the array of petit jurors from which the jury were selected to try his cause, on the ground that " the court appointed no jury commissioners to draw petit jurors " for the term of the court at which the trial was had. The challenge was not sustained, and the defendant took a bill of exceptions to the ruling of the court.

The judge, in signing the bill of exceptions, certified that "at the December term, 1876, no jury having been, prior

to that term, selected as provided by the jury law, the court first administered to the sheriff and deputies of Wilson county the oath prescribed, and then afterwards directed that good, qualified jurors be by said sheriff summoned, in number equal to twenty-four, to serve as petit jurors ; and from said twenty-four, tendered to said defendant, the jury were selected.''

The 13th section of the jury law of the fifteenth legislature provides : '' If, from any cause, the jury commissioners shall not be appointed, or shall fail to select jurors, or the panel selected shall be set aside, or the jury lists returned into court shall be lost or destroyed, the court shall forthwith order proceedings, in conformity with the provisions of this act, to supply for the term a sufficient number of jurors ; and, if necessary, appoint commissioners for that purpose.''

This law evidently intends that when the judge shall find, as in this case, that no jury has been selected before any given term of the court, he shall at once, or '' forthwith,'' proceed, under the provisions of the jury law, to have done whatever has not been done, in order to supply a jury for the term then on hand.

In certain emergencies the judge is authorized to order the commissioners during the term ; but we find no authority in the statute for the sheriff to select the original panel from which a jury is to be organized for the term. If jury commissioners have not previously been appointed, the court must appoint them, or, if commissioners have been appointed, and have failed to perform their duties as required by the statute, the court must see that they perform their duty ; and so on, whatever has been neglected or omitted to be done, in order to provide a jury in accordance with the statute, the court must cause to be done, agreeably to the manner prescribed by the statute for doing that particular thing.

A jury formed in any other manner than as prescribed

by the act is not a legal jury; and a conviction before any jury not organized in accordance with the statute, if taken advantage of at the proper time and in the proper manner,. must, in a case of felony, be set aside on appeal.

There is no law now in force which would authorize the sheriff to select the persons who are to compose the regular jurors for the term.

We are of the opinion the court below erred in overruling the defendant's challenge to the array; and for this. error the judgment is reversed and the cause remanded.

*Reversed and remanded.*